IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                      : CHAPTER 13
                                            :
KRYSTYNA DYNDAL                             :
                                            :
           DEBTOR(S)                        : BANKRUPTCY NO. 11-11551 SR

# OPINION SUR ORDER OF MAY 11, 2011

BY: STEPHEN RASLAVICH, CHIEF UNITED STATES BANKRUPTCY JUDGE.

## Introduction

Before the Court is the Motion of Richard D. Zaveta, Jr. for Relief from Stay. The Debtor opposes the Motion. A hearing on the matter was held on April 20, 2011 after which the Court took the matter under advisement. For the reasons set forth below, the Motion was granted by Order dated May 11, 2011. This Opinion sets forth the reasoning which supports entry of that Order.

## Factual Background

The parties agree on the salient facts. This case was commenced under Chapter 13. The Debtor has disclosed among her codebtors a limited liability company, Dyndal Properties, LLC (the LLC). See Schedule H. The LLC is a defendant in state court litigation. While the state court case was pending, this bankruptcy case was commenced. Movant's counsel related at the hearing that the state court was reluctant to proceed implying that the automatic stay is somehow implicated. Transcript of Hearing, 4/20/11 (T-) 4. The

Movant, the Plaintiff in the state court action, now appears in this Court and requests relief from the bankruptcy stay in order to prosecute the state court case.

### Who May be a CoDebtor

In Chapter 13, "a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt." 11 U.S.C. § 1301(a). Thus, in order to qualify as a codebtor under this subsection, the person in question must be an "individual." Because the LLC is not an individual, it is not entitled to the protection normally afforded codebtors under Chapter 13. See In re Saleh, 427 B.R. 415, 419 (Bankr.S.D.Ohio 2010) (explaining that co-debtor stay does not extend to corporations)

### Extent of the Stay

Neither would the stay be applicable generally were this case filed under either Chapters 7 or 11. At oral argument, Debtor's counsel maintained that because the LLC has no tax identification number, it could not file its own bankruptcy. Thus, counsel concludes, the stay must extend to actions against the LLC because of the Debtor's interest in it. T-5, 6. The Movant disagrees arguing that the LLC is a non-debtor to which the protection of the stay does not extend. It explains that the LLC is separate legal entity with a recognized legal status. To that end, it filed the requisite documentation with the state corporation bureau. It also has its own mailing address. In sum, Movant argues, the LLC may file its own bankruptcy. T-7, 8.

The filing of a petition "operates as a stay, applicable to all entities, of—...(3) any

act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C.A. § 362(a)(3).  Section 541 of the Bankruptcy Code defines property of the estate:

> (a) The commencement of a case ... creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C.A. § 541(a)(1) The estate's interest in any property is equal to interests of debtor in such property as of the commencement of the case.  Pryor v. Basvis Realty Corp. (In re Madden), 153 B.R. 119, 122 (Bankr.E.D.N.Y.1993).

Pennsylvania law recognizes the separate legal existence of corporations, partnerships, and limited liability companies.  See Clark Motor Corp v. Mfrs. and Traders Trust Co., 2007 WL 2155528 at *3 (M.D.Pa. July 26, 2007) (a corporation has a separate legal existence from its shareholders); In re Bank Center, Ltd., 15 B.R. 64, 65 (E.D.Pa. 1981) (a partner has a separate legal existence from a partnership); see 15 P.S. § 8921, et seq (providing that a limited liability company shall have the legal capacity of natural persons to act).  Where the debtor is a principal of a corporation, a partner of a partnership or a member of a limited liability company, the debtor's interest in that entity, and not the entity itself, is property of the debtor's bankruptcy estate.  See Wynne v. Streetman (In re Russell), 121 B.R. 16, 17 (Bankr.W.D.Ark.1990) (assets of corporation did not become part of debtor-shareholder's bankruptcy estate solely by virtue of shareholder's 82% stock

ownership in corporation); In re Fairfield Group Partnership, 69 B.R. 318, 320 (Bankr.E.D.Tenn.1987) (even if debtor was limited partner in limited partnership to which debtor had conveyed property foreclosed upon, property was not "property of the estate" protected by the automatic stay); Venture Properties, Inc.v. Norwood Group, Inc. (In re Ventures Properties, Inc.), 37 B.R. 175, 177 (Bankr.D.N.H. 1984) (debtor was not entitled to injunctive relief to prevent defendants from proceeding to sell or otherwise dispose of certain real property, the buyer's rights to which were owned, not by the debtor, but by a limited partnership in which debtor was a general partner); In re Daugherty Construction, Inc., 188 B.R. 607, 611 (Bankr.D.Neb.1995) (debtor's membership interest in limited liability companies became property of the estate upon debtor's Chapter 11 filing); In re Madden, supra, 153 B.R. at 122-123 (denying trustee's suit to obtain promissory note which debtor provided to partnership upon sale of property as not constituting estate property); cf. Samson v. Prokopf (In re Smith), 185 B.R. 285, 290 (Bankr.S.D.Ill. 1995) (debtor's right, as limited partner, to seek judicial dissolution of partnership was estate property).  Because the Debtor's rights in property do not extend beyond that which the Debtor owns, the automatic stay is equally limited.

By the Court

*Stephen Raslavich* (signature)

Stephen Raslavich
Chief U.S. Bankruptcy Judge

Dated: <u>May 12, 2011</u>

Richard J. Kwasny, Esquire
Kwasny Reilly Haft & Sacco
53 South Main Street
Yardley, PA 19067

Jeffrey C. McCullough, Esquire
Bond & McCullough
16 N. Franklin Street
Suite 300
Doylestown, PA 18901

George Conway, Esquire
Office of the United States Trustee
833 Chestnut Street
Suite 500
Philadelphia PA 19106